IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTONIO ANTHONY FAIR, JR., | ) |
| Plaintiff, | ) |
| v. | ) CV 113-123 |
| SGT. TIM JOHNSON, Deputy of Columbia County Sheriff's Office Dept., and J. ANTHONY MASSENGILL, Loss Prevention at Wal-Mart, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Columbia County Detention Center in Appling, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants.[1] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. SCREENING OF THE COMPLAINT

A. BACKGROUND

Plaintiff names as Defendants in his complaint: (1) Sergeant Tim Johnson, a

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

deputy in the Columbia County Sheriff's Department, and (2) J. Anthony Massengill, a Loss Prevention Officer at Wal-Mart. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 27, 2013, Plaintiff was shopping at Wal-Mart, and was racially profiled and stopped by Defendant Massengill as he was exiting the store with a full shopping cart in order to retrieve a lawn mower from outside of the store. (Id. at 5.) Upon being stopped, Plaintiff gave up his cart and attempted to leave the store in a friend's car, at which point Defendant Massengill called the police. (Id.) Thereafter Defendant Johnson pursued Plaintiff, eventually bumping the car in which Plaintiff was riding into a fire hydrant. (Id.) Plaintiff fled on foot into the nearby woods, and was pursued by Defendant Johnson, who eventually threw his flashlight at Plaintiff's head, knocking him unconscious. (Id.) Defendant Johnson then kicked and punched Plaintiff in the head and back. (Id.) Plaintiff was brought to a hospital and treated for cuts on his left arm and a concussion. (Id.) After his release from the hospital, Plaintiff was arrested, at which point his cell phone and $1,500 cash were stolen from his pockets. (Id.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 6.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§

2

1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings,

3

holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Massengill.

Plaintiff fails to state a claim against Defendant Massengill because, at the time of the alleged events, Defendant Massengill was not a person acting under color of state law such that he is subject to liability under § 1983. "To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Defendant Massengill is an employee of Wal-Mart, working in loss prevention, which gives no indication that he possesses any special authority under state law. (Doc. no. 1.) Indeed, there is nothing to suggest that Defendant Massengill's alleged actions described in the complaint involved the exercise of power possessed by virtue of state law. Accordingly, Plaintiff has failed to state a

4

claim against Defendant Massengill upon which relief may be granted under § 1983.

Even if Defendant Massengill was acting under color of state law during the alleged events, Plaintiff still fails to state a claim against him. Plaintiff alleges that Defendant Massengill racially profiled him in violation of the Fourth Amendment when he stopped Plaintiff at the store exit. (Doc. no. 1.) However, Plaintiff does not allege any facts in support of this claim, instead merely stating in conclusory fashion that he was so profiled by Defendant Massengill while shopping. (Id. at 5.) Such vague and conclusory allegations are not sufficient to state a claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Thus, because Plaintiff fails to state a § 1983 claim against Defendant Massengill, he should be dismissed.

### 3. Plaintiff Fails to State a § 1983 Claim Based on the Theft of His Personal Property.

Plaintiff has also failed to state a § 1983 claim based on his allegation that his personal property was stolen from him during his arrest. (Id. at 5.) First, Plaintiff fails to state which Defendant, if any, he believes stole his property, and thus his claim is subject to dismissal on this ground alone. However, to the extent Plaintiff may be attempting to bring his theft of property claim against one of the named Defendants, it still fails as a matter of law.

The Eleventh Circuit has explained that the State's seizure and retention of an

5

individual's property does not give rise to liability under § 1983 "if a meaningful postdeprivation remedy for the loss is available." Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). For example, where state law provides an adequate postdeprivation remedy for the loss of property, a § 1983 due process claim will not lie. Id. (holding that existence of Georgia state law claim for conversion of property precluded § 1983 due process claim against state officers for unlawfully seizing and retaining plaintiff's property); see also Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010) (*per curiam*) (rejecting § 1983 due process claim against prison officials for seizure of plaintiff's property where plaintiff "had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property").

Here, Plaintiff's attempt to assert a § 1983 claim relating to the seizure of his property during his arrest fails because Georgia law provides an adequate postdeprivation remedy for such a claim. As noted by the Eleventh Circuit in Lindsey, O.C.G.A. § 51-10-1 provides a postdeprivation remedy in the form of a statutory state law conversion action. 936 F.2d at 561. Moreover, this state law authorizes claims against state officials for wrongfully depriving an individual of personal property. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (noting that O.C.G.A. § 51-10-1 constitutes "an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law"). Because Georgia law provides Plaintiff with an adequate postdeprivation remedy, his allegation regarding the seizure of his personal property during his arrest fails to state a viable § 1983 claim and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims based on racial profiling in violation of the Fourth Amendment and for theft of his property be **DISMISSED**, and that Defendant Massengill be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 11th day of October, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2] In a simultaneously filed Order, the Court is allowing Plaintiff to proceed with his Fourth Amendment excessive force claim against Defendant Johnson.