IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ANTONIO ANTHONY FAIR, JR., )
)
      Plaintiff, )
)
v. ) CV 113-123
)
SGT. TIM JOHNSON, Deputy of )
Columbia County Sheriff's Office Dept., )
et al., )
)
      Defendants. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's claims based on racial profiling in violation of the Fourth Amendment and for theft of his property are **DISMISSED**, and Defendant Massengill is **DISMISSED** from this case.

Along with the R&R, the Magistrate Judge simultaneously issued an Order directing that service of process be effected on Defendant Johnson as to Plaintiff's sole remaining claim for use of excessive force. (Doc. no. 11-2.) However, Plaintiff's service copies of the Magistrate Judge's Order and R&R were returned as undeliverable and marked "Refused" (doc. no. 12), and a search of the Columbia County Superior Court's docket reveals that Plaintiff was released from incarceration on September 18, 2013.[1]

---

[1] The Columbia County Superior Court's docket may be accessed at http://www.columbiaclerkofcourt.com.

Thus, Plaintiff has failed to provide the Court with an address where he can be reached, saddling the Court with a stagnant case. In light of this new information, and for the reasons set forth below, Plaintiff's excessive force claim against Defendant Johnson is also **DISMISSED** and this case is **CLOSED**.[2]

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't., 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing

---

[2] Because the Court herein dismisses Plaintiff's case in its entirety, the **CLERK** is **DIRECTED** to inform the U.S. Marshal, by serving it with a copy of this Order with this footnote flagged, that service of process is no longer required as to Defendant Johnson.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Magistrate Judge's Order dated July 25, 2013 warned Plaintiff that failing to inform the Court of a change of address would result in dismissal of his case. (Doc. no. 3, p. 4.) Plaintiff's failure to comply with the terms of the Magistrate Judge's Order by notifying the Court of his release amounts to a failure to prosecute and an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff was granted permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[4] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. Of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, as noted above, the Court is simply dismissing this case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

SO ORDERED this 18th day of November, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Unless the Court specifies otherwise, a dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3